UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Scott Books,                )
                            )
         Plaintiff,         )
                            )
v.                          )        20-1221
                            )
Larry Savill, *et al.*      )
                            )
         Defendants.        )
                            )
                            )

## Merit Review Order

The plaintiff, proceeding *pro se*, and currently incarcerated at Thomson Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that Defendant Savill, an FBI agent, coerced him to confess to a bank robbery. Plaintiff alleges that Defendant

Korn, the prosecutor, then sought to use portions of the confession that had been suppressed in the criminal case to impeach Plaintiff should he testify at trial. Plaintiff never testified, and he was ultimately convicted. Plaintiff alleges that Defendant Park, a detective from the Normal Police Department, listened to Plaintiff's telephone calls with his attorney and later threatened one of Plaintiff's associates. Plaintiff also alleges that Defendant Park lied to the court and jurors regarding what he discussed with witnesses.

The Seventh Circuit denied Plaintiff's appeal. *See United States v. Books*, 914 F.3d 574 (7th Cir. 2019). Plaintiff's claims in this case, to the extent that they challenge the rulings and circumstances underlying his conviction, are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487-89 (1994) (if judgment in a civil case would "necessarily imply the invalidity of his conviction or sentence," a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."). Plaintiff's habeas corpus petition under 28 U.S.C. § 2255 was dismissed. *USA v. Books*, No. 16-CR-10037, ECF No. 82 (C.D. Ill., filed Jun. 24, 2020).

Plaintiff's decision not to testify at his criminal trial forecloses the constitutional claims Plaintiff asserts in this lawsuit. *See Chavez v. Martinez*, 538 U.S. 760, 769 (2003) ("[M]ere coercion does not violate the text of the Self-Incrimination Clause absent use of the compelled statements in a criminal case against the witness.").

Plaintiff has no constitutional right to privileged communications with his lawyer. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010). Any constitutional claim not barred by *Heck* that may arise out of Defendant Park's alleged eavesdropping accrued at the time of the search or when he found out about it. *Nieta v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) (Fourth Amendment claims accrue at the time of the search). These claims are therefore time-barred. *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017) (two-year statute of limitations in § 1983 cases filed in Illinois). The Assistant U.S. Attorneys

Plaintiff sued have absolute immunity from suit. *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017).

**It is therefore ordered:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2. This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3. Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4. Plaintiff's Motion to Request Counsel [5] is denied. Plaintiff did not attach copies of letters received from lawyers in response to any inquiries he may have made or provided any objective evidence that he sent letters. Plaintiff also indicates that he has completed some college, he has personal knowledge of the facts, and he was able to adequately communicate them to the Court. *See Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007).

5. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.

Entered this 30th day of July, 2020.

_____s/ Harold A. Baker_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE
